OPINION
{¶ 1} Defendant-appellant, Harlan E. Winkle III, appeals the decision of the Butler County Court of Common Pleas classifying him as a sexual predator. We affirm the trial court's decision.
 {¶ 2} In July 2001, appellant was indicted on: (1) one count of sexual battery in violation of R.C. 2907.03(A)(2), a third-degree felony (Count One); (2) one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a fourth-degree felony (Count Two); and (3) one count of sexual imposition in violation of R.C. 2907.06(A)(4), a third-degree misdemeanor (Count Three). The indictment stemmed from allegations that appellant engaged in unlawful sexual conduct with a fourteen-year-old girl.
 {¶ 3} In September 2001, appellant entered into a plea agreement with the prosecution. He pleaded guilty to Count Two, unlawful sexual conduct with a minor, and the prosecution agreed to dismiss Counts One and Three.
 {¶ 4} The trial court held a sentencing and a sexual predator hearing in December 2001. The trial court sentenced appellant to eight months in prison and ordered him to pay a $500 fine, the costs of prosecution and counsel costs. The trial court also found appellant to be a sexual predator.
 {¶ 5} Appellant now appeals the trial court's decision classifying him as a sexual predator and raises one assignment of error.
Assignment of Error No. 1
 {¶ 6} "The determination by the trial court that Winkle is a sexual predator is against the manifest weight of the evidence."
 {¶ 7} Appellant maintains that the trial court's determination that he is a sexual predator was against the manifest weight of the evidence. He argues that the trial court did not specifically consider any of the R.C. 2950.02(B)(2) factors for determining whether a person is a sexual predator.
 {¶ 8} We apply the civil manifest weight review in sexual predator determinations.[1] State v. Bowman, Butler App. Nos. CA2001-05-007, CA2001-06-147, 2002-Ohio-4373. This standard requires that the sexual predator determination be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. See C.E. Morris Co. v. Foley Constr. Co. (1987),54 Ohio St.2d 279, 280. We will not disturb a trial court's determination of sexual predator as being against the manifest weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. Bowman, 2002-Ohio-4373 at ¶ 6.
 {¶ 9} A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v. McCullough, Fayette App. No. CA2001-02-004, 2001-Ohio-8703. Appellant pled guilty to unlawful sexual conduct which is a sexually-oriented offense pursuant to R.C. 2907.04.
 {¶ 10} Further, there must be clear and convincing evidence that appellant is a sexual predator before that classification may be applied. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 477. It is "more than a mere preponderance" of the evidence, but is less than that which is required by "beyond a reasonable doubt." Id.
 {¶ 11} When making a sexual predator determination, the trial court shall consider all relevant factors including, but not limited to:
 {¶ 12} "(a) The offender's age;
 {¶ 13} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 16} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender previously has been convicted or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender;
 {¶ 19} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
 {¶ 22} The trial court should consider these statutory factors before making its sexual predator determination. State v. Eppinger,91 Ohio St.3d 158, 166, 2001-Ohio-247. However, the trial court is not limited to the statutory factors, but must include all relevant factors. R.C. 2950.09(B)(2). Further, the trial court has the discretion to determine what weight, if any, to assign to the factors. State v.Thompson, 92 Ohio St.3d 584, 589, 2001-Ohio-1288. A trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Boshko (2000), 139 Ohio App.3d 827, 840. Moreover, in some cases, a single conviction may support a finding that a defendant is a sexual predator. Id.
 {¶ 23} Appellant contends that the trial court specifically mentioned three factors in making its sexual predator determination and misapplied these factors to the statutory consideration. Appellant's contention is without merit.
 {¶ 24} First, the trial court considered that the victim was given drugs by appellant's cousin at a party and was incapacitated at the time the offense occurred. The trial court also noted that appellant harassed the victim "long after" the crime had been committed. Appellant also notes that the trial court considered the pending charges against appellant in Warren County concerning two twelve-year-olds.
 {¶ 25} Appellant maintains that pursuant to R.C. 2950.09(B)(2)(e), the trial court should consider whether appellant, not a different individual, used drugs or alcohol to impair the victim. Further, he contends that, pursuant to R.C. 2950.09(B)(2)(i) and (d), the trial court should consider whether appellant displayed cruelty during the commission of the offense, not months after the offense, and whether the underlying offense, not a later offense, involved multiple victims. As stated earlier, "the trial court is not limited to the statutory factors, but must include all relevant factors." As such, it was not error for the trial court to consider these factors when making the sexual predator determination.
 {¶ 26} Further, we note that the trial court considered additional behavioral characteristics of appellant pursuant to R.C. 2950.09(B)(2)(j). The trial court considered Dr. Hopes' report which was admitted into evidence by the State. The trial court noted that while speaking with Dr. Hopes, appellant stated "he found school and jobs boring. * * * he's easily angered when someone says something bad about himself or his family. And he has a very short fuse. And when he gets into a fight he blacks out and doesn't remember anything. Says he's [impulsive] about stealing."
 {¶ 27} Dr. Hopes noted that appellant stated he had been drinking alcohol since the age of 16 and that he currently drinks about a fifth a day, three days a week. Appellant also started smoking marijuana and taking pills at age 16. Appellant further indicated to Dr. Hopes that he had been participating in anger management programs and been in counseling since he was 14 years old.
 {¶ 28} Dr. Hopes concluded in her report that appellant meets the criteria for an anti-social personality disorder and a classic psychopath. She noted appellant's lack of remorse for his offenses and that he accepted no responsibility for the sexual offense. Dr. Hopes also found appellant to be self-centered, impulsive and immature.
 {¶ 29} Dr. Hopes found there is a high risk that appellant will commit another violent act. Appellant scored an eight on the Violence Risk Appraisal Guide. The categories range from the lowest, a score of one, to the highest, a score of nine. According to Dr. Hopes, approximately 82 percent of people who fall into this category will commit, on average, at least one more violent act within ten years after their release.
 {¶ 30} Dr. Hopes found there is a high risk that appellant will commit another sexually-oriented offense in the future. Appellant scored a nine on the Sex Offender Risk Assessment Guide test, with nine being most likely to re-offend and one being least likely to re-offend. According to Dr. Hopes, approximately 100 percent of the people with this score re-offend within ten years.
 {¶ 31} After reviewing all of the evidence before the trial court, we find clear and convincing evidence supporting its decision. Dr. Hopes found that there was a 100 percent chance that appellant would re-offend. This opinion, together with the evidence of appellant's history of alcohol and drug abuse, his lack of remorse and appreciation of the effects of his conduct, and the balance of the evidence before the trial court, strongly support the trial court's decision. Accordingly, we overrule appellant's assignment of error.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.
[1] We note that appellant mistakenly stated in his brief that the criminal manifest weight standard applied.